IN THE UNITED STATE BANKRUPTCY COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 13 |
| | ) Case No.: 10-23090 |
| WOLSKI, STEFAN and | ) |
| WOLSKA, ALINA | ) |
| | ) Judge Jack B. Schmetterer |
| Debtors. | ) Trustee Tom Vaughn |
| WOLSKI, STEFAN and | ) |
| WOLSKA, ALINA | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) Adv No. 10-01432 |
| | ) |
| JP MORGAN CHASE BANK, NA | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ADVERSARY COMPLAINT TO DETERMINE VALUE OF SECURED CREDITOR'S CLAIM PURSUANT TO 11 U.S.C SECTION 506(a)

### Findings of Fact

1. The debtors, Stefan Wolski and Alina Wolska, filed this Chapter 13 case on May 20, 2010. They own the real estate commonly known as 7825 W. Sunset Drive, Elmwood Park, Illinois. According to Debtors' schedule the real estate is subject to a first mortgage in favor of JP Morgan Chase Bank, NA with a balance of $175,198.00. The home is subject to a third mortgage in favor of JP Morgan Chase Bank, NA ("Chase") with a balance of $100,512.25. The home is also subject to a second mortgage in favor of Harris Bank, NA with a balance of $58,049.00.

2. The value as determined by appraisal dated April 27, 2010 is $150,000.00.

3. The debtor scheduled the first mortgage with JP Morgan Chase Bank, NA with a balance of $175,198.00. JP Morgan Chase Bank, NA filed a claim on June 30, 2010 stating the total amount due of $174,532.96. On June 18, 2010, the creditor filed an objection to confirmation for post-petition attorney fees and costs.

4. JP Morgan Chase Bank, NA filed a proof of claim on August 3, 2010 for the third mortgage in the amount of $100,512.25. To date no proof of claim has been filed by the second mortgage holder, Harris Bank, NA.

5. The mortgage of JP Morgan Chase Bank, NA is a secured claim based on the mortgage recorded on March 20, 2003 as document no. 0030384542 with the Cook County Recorder of Deeds, Illinois.

6. The third mortgage of Chase is a secured claim based on the mortgage recorded on January 2, 2008 as document no. 0800201295 with the Cook County Recorder of Deeds, Illinois.

7. On May 20, 2010 the Debtor filed a Modified Chapter 13 Plan (the Plan). The plan provides for payment by the Debtor to the trustee of $350 per month for 36 months. Payments to secured claims in full and three (3%) percent dividend to general unsecured creditors; payment of the first mortgage of $1,554.98 to be paid directly by the Debtor to JP Morgan Chase Bank. Paragraph G of the special terms of the plan provides the following provision specifically dealing with the claim of Chase: Third lien holder on property located 7825 W. Sunset Drive, Elmwood Park, IL, Chase, will be stripped due to lack of value. The claim of Chase will be paid as a general unsecured nonpriority claim.

8. On July 8, 2010 the Debtor issued a summons and complaint pursuant to 11 U.S.C. Section 506(a) and Bankruptcy Rule 3012 to determine the value of security and creditor's allowed secured claim of Chase. On July 10, 2010 the summons and adversary complaint were served by certified mail to Chase's CEO and Chairman of Board, James Dimon, JP Morgan Chase Bank, NA, 1111 Polaris Parkway, Columbus, OH 43240. In addition, on July 8, 2010, JP Morgan Chase Bank, NA, Mail Stop OH4-7302, 3415 Vision Drive, Columbus, OH 43219 and Monica Paine, Fisher & Shapiro, 2121 Waukegan Road, Suite 301, Bannockburn, IL 60015 were served by regular mail.

9. The summons indicated that a motion or answer was required within 30 days of date of issuance. To this date no answer or motion has been filed.

10. Chase has not provided any evidence that any one of the secured claims is invalid.

11. Chase has not provided any evidence that the value of the real estate is not $150,000.00.

12. The secured claim on JP Morgan Chase Bank, NA in an amount of $175,198.00 plus the secured claim of Chase in an amount of $100,512.25 exhausts all the value and equity in Debtor's residence, and there is no value and equity to support the secured claim of Chase.

## Conclusions of Law

1. Jurisdiction lies under 28 U.S.C. Section 1334(b) to adjudicate, approve, and enforce the Debtor's effort by the Chapter 13 Plan to determine through confirmation and completion of such plan that the Debtor's third mortgage will no longer be secured. This is a core proceedings under 28 U.S.C. Section 157(b)(2)(k) to determine validity of liens, and is a proceeding to value the Chase claim under Federal Bankruptcy Rule 3012 and 11 U.S.C. Section 506(a).

2. The claim of JP Morgan Chase Bank, NA, in an amount of $174,532.96 is secured by a first mortgage in the Debtor's residence.

3. The claim of Chase in the Debtor's residence is third in priority, junior to the lien of JP Morgan Chase.

4. The value of Debtor's residence is $150,000.00.

5. As there is no value or equity to support the third priority lien of Chase, the Chase claim is not a claim secured at all by a secured interest in the Debtor's principal residence, as the term is used in Section 1322(b) of the Bankruptcy Code, and the Debtor's Chapter 13 Plan may value the collateral under Federal Bankruptcy Rule 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *See In re Meyer 09 B 20268 (N.D., IL., January 29, 2010)*

6. Where there is no value available to secure the debt, then, in the language of the statute, there simply is no "claim secured only by a security interest in real property that is debtor's principal residence." 11 U.S.C. Section 1322(b)(2). The wholly unsecured claim falls outside the language of the statute. *In re Wie 2003 WL 1563959, S.D.Ind., January 08, 2003.*

DATED: 9/7/10

/s/ Nicole G. Lawson
Nicole G. Lawson #6239473
The Lawson Law Group
1633 S. Michigan Ave.
Chicago, IL 60616
312-294-4100
312-294-4104

JUDGE JACK SCHMETTERER

SEP 07 2010